1   **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2   Name   Lagadia,           Joffrey
            (Last)            (First)            (Initial)

3   Prisoner Number  E85814

4   Institutional Address  P.O. Box 689    B320

5                          Soledad, CA 93960-0689

6
    ====================================================================

7                      **UNITED STATES DISTRICT COURT**
                       **NORTHERN DISTRICT OF CALIFORNIA**

8   JOFFREY LAGADIA
    (Enter the full name of plaintiff in this action.)

9                                                  Case No. _____
                        vs.                        (To be provided by the clerk of court)
10
    B. CURRY, Warden;                              **PETITION FOR A WRIT**
11                                                 **OF HABEAS CORPUS**
    A. SCHWARZENEGGER, Governor.
12

13

14  (Enter the full name of respondent(s) or jailor in this action)     E-filing

15

16  =================================================================

            <u>Read Comments Carefully Before Filling In</u>

17  <u>When and Where to File</u>

18          You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23          If you are challenging your conviction or sentence and you were **not** convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

    PET. FOR WRIT OF HAB. CORPUS        - 1 -

1  <u>Who to Name as Respondent</u>

2        You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11        1.  What sentence are you challenging in this petition?

12              (a)      Name and location of court that imposed sentence (for example; Alameda

13                       County Superior Court, Oakland):

14        Los Angeles Superior Court      Norwalk, California

15                       Court                              Location

16              (b)      Case number, if known  VA004248

17              (c)      Date and terms of sentence  2/19/91, 15 years to life.

18              (d)      Are you now in custody serving this term? (Custody means being in jail, on

19                       parole or probation, etc.)        Yes  X        No _____

20                       Where?

21                       Name of Institution: Correctional Training Facility

22                       Address: P.O. Box 689, Soledad, CA 93960-0689

23        2.  For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  Second Degree Murder, California Penal Code § 187.

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS          - 2 -

3. Did you have any of the following?

    Arraignment:                                Yes __X__     No _____

    Preliminary Hearing:                   Yes __X__     No _____

    Motion to Suppress:                  Yes _____     No __X__

4. How did you plead?

    Guilty _____    Not Guilty __X__    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury __X__    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?           Yes __X__     No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment                  Yes __X__     No _____

    (b)    Preliminary hearing         Yes __X__     No _____

    (c)    Time of plea                 Yes _N/A_     No _____

    (d)    Trial                        Yes __X__     No _____

    (e)    Sentencing                   Yes __X__     No _____

    (f)    Appeal                     Yes __X__     No _____

    (g)    Other post-conviction proceeding    Yes __X__     No _____

8. Did you appeal your conviction?         Yes __X__     No _____

    (a)    If you did, to what court(s) did you appeal?

             Court of Appeal           Yes __X__     No _____

             Year: _1992_    Result: Denied

             Supreme Court of California    Yes _____     No __X__

             Year: _____    Result: _____

             Any other court           Yes _____     No __X__

             Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS       - 3 -

|   |   |   |
|---|---|---|
| 1 | | petition?                                  Yes _____     No__X__ |
| 2 | (c) | Was there an opinion?                      Yes __X__    No_____ |
| 3 | (d) | Did you seek permission to file a late appeal under Rule 31(a)? |
| 4 | | Yes _____     No__X__ |
| 5 | | If you did, give the name of the court and the result: |
| 6 | | _____ |
| 7 | | _____ |

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?     Yes _____     No__X__

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court: __Los Angeles Superior Court_____

Type of Proceeding: _Petition for Writ of Habeas Corpus_

Grounds raised (Be brief but specific):

a._See attached page 4a._____

b._____

c._N/A_____

d._N/A_____

Result: __Denied_____Date of Result:_12/12/07

II.    Name of Court: _Court of Appeal, 2nd Appellate District

Type of Proceeding: _Petition for Writ of Habeas Corpus_

Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

I. **Grounds raised:**

    a. PETITIONER'S FOURTH DENIAL OF PAROLE FROM THE BOARD OF PAROLE HEARINGS WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE HAVING AN INDICIA OF RELIABILITY, THEREFORE WAS ARBITRARY AND CAPRICIOUS, VIOLATING HIS RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE STATE AND FEDERAL CONSTITUTIONS DEPRIVING HIM OF HIS FEDERALLY PROTECTED LIBERTY INTEREST

a. _Same as I. a. above_

b. _____

c. _____

d. _____

Result: _Denied_ Date of Result: _02/21/08_

III. Name of Court: _California Supreme Court_

Type of Proceeding: _Petition for Review_

Grounds raised (Be brief but specific):

a. _Same as I. a. above_

b. _____

c. _____

d. _____

Result: _Denied_ Date of Result: _04/30/08_

IV. Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result: _____ Date of Result: _____

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes ____ No_X_

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS       - 5 -

1 | need more space. Answer the same questions for each claim.

2 |     [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3 | petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4 | 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5 |     Claim One: See Attached at page 8.

6 | _____

7 | Supporting Facts: See Attached at page 13.

8 | _____

9 | _____

10 | _____

11 | Claim Two:_____

12 | _____

13 | Supporting Facts:_____

14 | _____

15 | _____

16 | _____

17 | Claim Three:_____

18 | _____

19 | Supporting Facts:_____

20 | _____

21 | _____

22 | _____

23 |     If any of these grounds was not previously presented to any other court, state briefly which

24 | grounds were not presented and why:

25 | _____

26 | _____

27 | _____

28 | _____

PET. FOR WRIT OF HAB. CORPUS      - 6 -

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    _____See Attached at page 9._____

5    _____

6    _____

7    Do you have an attorney for this petition?               Yes_____      No__X__

8    If you do, give the name and address of your attorney:

9    _____

10        WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on _Aug. 22, 2008_        _Jeffrey Segadelo_____

14                   Date                              Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS       - 7 -

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| **JOFFREY LAGADIA** | ) | Case No. |
| | ) | |
| Petitioner, | ) | **PETITION FOR WRIT OF HABEAS** |
| | ) | **CORPUS** |
| v. | ) | |
| | ) | |
| B. CURRY, Warden; | ) | |
| A. SCHWARZENEGGER, Governor | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Joffrey Lagadia
E85814        B320
P.O. Box 689
Soledad, CA. 93960-0689

PETITIONER,
In Pro Per

1

## TABLE OF CONTENT

2                                                                        Page

3  TABLE OF CONTENT                                                       8

4  TABLE OF AUTHORITIES                                                   9

5  INTRODUCTION                                                          11

6     I.  PETITIONER'S FOURTH DENIAL OF PAROLE FROM THE BOARD OF PAROLE
          HEARINGS WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE HAVING AN
7         INDICIA OF RELIABILITY, THEREFORE WAS ARBITRARY AND CAPRICIOUS,
          VIOLATING HIS RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE STATE
8         AND FEDERAL CONSTITUTIONS DEPRIVING HIM OF HIS FEDERALLY
          PROTECTED LIBERTY INTEREST.                                    13
9

10 CONCLUSION                                                            23

11 PRAYER                                                                25

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
## TABLE OF AUTHORITIES

2
**AUTHORITIES**                                                                **PAGES**

3
**FEDERAL CASES**

4
Biggs v. Terhune (9th Cir. 2003) 334 F.3d. 910...................... 13, 14, 21, 22

5
Board of Pardons v. Allen (1987) 482 U.S. 369................................... 13

6
Daniels v. Williams (1986) 474 U.S. 327........................................ 13

7
Dent v. West Virginia (1899) 129 U.S. 114....................................... 13

8
Douglas v. Buder (1973) 412 U.S. 430............................................ 14

9
Dunn v. U.S. Parole Comm. (10th Cir.1987) 818 F.2d. 742......................... 14

10
Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex
11
  (1979) 442 U.S. 1............................................................ 13, 23

12
Irons v. Carey (9th Circuit 2007) 505 F.3d 846.......................... 13, 21, 22

13
Jancsek v. Oregon Bd. of Parole (9th Cir.1987) 833 F.2d 1389, 1390.............. 14

14
Martin v. Marshall (N.D. Cal. 2006) 431 F.Supp.2d 1038................... 17, 21, 23

15
McQuillion v. Duncan (9th Cir. 2002) 306 F.3d. 895...................... 13, 14, 21

16
Powell v. Gomez (9th Cir.1994) 33 F.3d 39....................................... 14

17
Quaglito v. Sullivan (D. Minn.1989) 719 F.Supp. 860............................. 14

18
Rosa v. Nielson (9th Cir. 2005) 428 F.3d 1229................................... 14

19
Rosenkrantz v. Marshall (C.D. Cal. 2006) 444 F.Supp.2d 1063......... 14, 16, 21, 23

20
Sass v. California Board of Prison Terms (9th Cir. 2006) 461 F.3d 1123.......... 13

21
Schware v. Board of Bar Examiners (1957) 353 U.S. 232........................... 14

22
Superintendent V. Hill (1985) 472 U.S. 445................................. 14, 24

23
United States ex rel. Vajtauer v. Commissioner of Immigration
24
  (1927) 273 U.S. 103......................................................... 14

Wolff v. McDonnell (1974) 418 U.S. 539......................................... 13

25
**STATE CASES**

26
In re Barker (2007) 151 Cal.App.4th 346.................................... 21, 22

27
In re Caswell (2001) 92 Cal.App.4th 1017....................................... 15

28
In re Dannenberg (2002) 102 Cal.App.4th 95..................................... 15

*Petition For Writ of Habeas Corpus*                        *Lagadia v. Curry, et. al.*

In re Dannenberg (2007) 68 Cal.Rptr.3d 188............................. 15, 16, 23

In re Elkins (2006) 50 Cal.Rptr.3d 503................................. 16, 18, 22

In re Ernest Smith (2003) 114 Cal.App.4th 343................................. 21

In re Lee (2006) 49 Cal.Rptr.3d 931................................. 15, 16, 22

In re Mark Smith (2003) 109 Cal.App.4th 489................................ 15, 21

In re Powell (1988) 45 Cal.3d 894......................................... 13

In re Ramirez (2001) 94 Cal.App.4th 549.................................... 18

In re Rosenkrantz (2002) 29 Cal.4th 616 [Rosenkrantz V]................ 13, 18

In re Scott (2005) 133 Cal.App.4th. 573 [Scott II]........... 15, 16, 19, 21, 22

In re Singler (2008) 161 Cal.App.4th 281............................... 15, 17

In re Weider (2006) 52 Cal.Rptr.3d 147................................ 16, 22

Santa Ana Food Market Inc. v. Alcoholic Bev. Control Bd.
  (1999) 76 Cal.App.4th 570................................................ 15

Walker v. Sumner (9th Cir.1990) 917 F.2d 382............................... 15

Yu v. Alcoholic Bev. Etc. Appeals Bd. (1992) 3 Cal.App.4th 286............... 15

**STATUTES**

California Penal Code section 3041....................................... 15, 25

**REGULATIONS**

28 U.S.C. § 2254(d)........................................................ 24

Cal. Code Regs, tit. 15, section 2402........................... 15, 18, 22, 23, 24

**CONSTITUTIONAL PROVISIONS**

California Constitution, Article 1, § 7.................................... 13

U.S. Constitution, Fifth and Fourteenth Amendments......................... 13

Joffrey Lagadia
E85814  B320
P.O. Box 689
Soledad, CA. 93960-0689

PETITIONER,
In Pro Per

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **JOFFREY LAGADIA** | ) Case No. |
| | ) |
| Petitioner, | ) **PETITION FOR WRIT OF HABEAS** |
| | ) **CORPUS AND MEMORANDUM OF POINTS** |
| | ) **& AUTHORITIES IN SUPPORT THEREOF** |
| | ) |
| B. CURRY, Warden; | ) |
| A. SCHWARZENEGGER, Governor | ) |
| Respondent. | ) |
| | ) |

**INTRODUCTION**

   Petitioner, **JOFFREY LAGADIA** [hereafter Petitioner], respectfully
submits the following Petition for Writ of Habeas Corpus in the above-
entitled case and alleges that his confinement is in violation of both the
California and United States Constitutions.  Petitioner, having exhausted
California administrative and judicial remedies, now petitions this Court
for relief from the Board's[1] March 05, 2007 finding of unsuitability.

---

[1] This is a reference to the California Board of Parole Hearings
(hereinafter Board).

*Petition For Writ of Habeas Corpus*                    *Lagadia v. Curry, et. al.*

1    Petitioner has previously petitioned this Court for a Writ of Habeas

2  Corpus (Northern District of California, Court No. C 06-6561 SI)

3  challenging the denial of parole at his March 24, 2005 parole consideration

4  hearing, and that petition was denied on May 01, 2008.  At that point,

5  Petitioner had received three parole consideration hearings, been

6  incarcerated for fourteen years, and was nearly six years beyond his

7  minimum eligible parole date.  Petitioner has now been incarcerated for

8  over eighteen years.[2]

9    Since the previous filing, Petitioner had another subsequent parole

10  consideration hearing on March 07, 2007, which is the subject of this

11  petition.

12    Petitioner's March 07, 2007 parole consideration hearing became final

13  on July 03, 2007, and he filed his Petition for Writ of Habeas Corpus in

14  the Los Angeles Superior Court (Case No. B004893) on September 18, 2007.

15  That petition was denied on December 12, 2007.  Petitioner subsequently

16  filed a Petition for Writ of Habeas Corpus in the Second Appellate District

17  Court (Case No. B205627) on February 11, 2008.  That petition was denied on

18  February 21, 2008. Petitioner subsequently filed a Petition for Review in

19  the California Supreme Court (Case No. S161304) on February 29, 2008.  That

20  petition was denied on April 30, 2008.  Petitioner has thereby exhausted

21  all state administrative and judicial remedies and has timely filed this

22  petition in this Court.

23

24

25
  _____

26
[2] Petitioner was committed to the California Department of Correction and
   Rehabilitation (CDCR) March 06, 1991, with 340 days of pre-prison credits

27
   (Petitioner).  His Minimum Eligible Parole Date (MEPD) was July 08, 2000.
   Petitioner, at the time of the 2007 hearing, had 16 years in CDC, and has

28
   been in continual custody since his arrest in July 1990, for a total of
   over seventeen years in custody.

*Petition For Writ of Habeas Corpus*                          *Lagadia v. Curry, et. al.*
Page 12

**I.  PETITIONER'S FOURTH DENIAL OF PAROLE FROM THE BOARD OF PAROLE HEARINGS WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE HAVING AN INDICIA OF RELIABILITY, THEREFORE WAS ARBITRARY AND CAPRICIOUS, VIOLATING HIS RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE STATE AND FEDERAL CONSTITUTIONS DEPRIVING HIM OF HIS FEDERALLY PROTECTED LIBERTY INTEREST.**

California inmates appearing before the parole board have a liberty interest protected by the Due Process Clause of the United States and California Constitutions. Irons v. Carey (9th Circuit 2007) 505 F.3d 846, 850-851; Sass v. California Board of Prison Terms (9th Cir. 2006) 461 F.3d 1123, 1128; In re Rosenkrantz (2002) 29 Cal.4th 616, 658 & fn. 12 [Rosenkrantz V]; see also Biggs v. Terhune (9th Cir. 2003) 334 F.3d. 910, 914, [Biggs]; McQuillion v. Duncan (9th Cir. 2002) 306 F.3d. 895, 903 [McQuillion]; Board of Pardons v. Allen (1987) 482 U.S. 369, 377-78 [Allen]; (quoting Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex (1979) 442 U.S. 1, 12 [Greenholtz]).

The touchstone of due process is the protection of the individual against **arbitrary** government action. Dent v. West Virginia (1899) 129 U.S. 114, 123; Wolff v. McDonnell (1974) 418 U.S. 539, 558; Daniels v. Williams (1986) 474 U.S. 327, 331. Parole decisions that lack evidence to support them are arbitrary, and thereby violate the Due Process Clauses of both the California and Federal Constitutions. See California Constitution, Article 1, § 7; U.S. Constitution, Fifth and Fourteenth Amendments. Also see In re Powell (1988) 45 Cal.3d 894, 904; Rosenkrantz V, supra, 29 Cal.4th at p. 654-658; McQuillion, supra, 306 F.3d at p. 903-906.

The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process with respect to his liberty interest in parole if "some evidence in the record" does not support the Board's decision, Sass, supra, 461 F.3d at pp. 1128-29 (citing

1  Superintendent V. Hill (1985) 472 U.S. 445, 456-457 [Hill][3]); Biggs, supra,

2  334 F.3d at p. 915 (citing McQuillion, 306 F.3d at p. 904), or is

3  "otherwise arbitrary," Hill, supra, 472 U.S. at p. 457.

4      "Some evidence," however, does not mean literally "any" evidence.

5  (See Rosenkrantz v. Marshall (C.D. Cal. 2006) 444 F.Supp.2d 1063, 1079

6  [hereafter Rosenkrantz VI] ["the evidence underlying the decision must be

7  supported by "some indicia of reliability. Otherwise, it does not

8  constitute 'some evidence,'"] citing Biggs, supra, 334 F.3d. at p. 914; see

9  also McQuillion, supra, 306 F.3d at p. 904; Rosa v. Nielson (9th Cir. 2005)

10 428 F.3d 1229, 1232; Powell v. Gomez (9th Cir.1994) 33 F.3d 39, 40; Jancsek

11 v. Oregon Bd. of Parole (9th Cir.1987) 833 F.2d 1389, 1390 [Janscek]

12 [adopting the "some evidence" standard in Hill, supra, 472 U.S. at p.

13 457.]; section 2402(b) [the Board is charged with considering "[a]ll

14 relevant, **reliable** information."] emphasis added).

15     In parole cases, courts have been critical of decisions which used

16 the facts of an offense to deny parole, but fail to establish some nexus

17 between the offense factors and current dangerousness.  See McQuillion,

18 supra, 306 F.3d at pp. 905, 910, 912; Dunn v. U.S. Parole Comm. (10th

19 Cir.1987) 818 F.2d. 742, 745; Quaglito v. Sullivan (D. Minn.1989) 719

20 F.Supp. 860, 864.  California Courts have made it very clear that facts

21 relied upon to deny parole must have a nexus[4] to public safety.  In re

22

23 [3] In Hill, the Supreme Court stated "[i]n a variety of contexts, the Court
   has recognized that a governmental decision resulting in the loss of an
24 important liberty interest violates due process if the decision is not
   supported by any evidence." See, e.g., Douglas v. Buder (1973) 412 U.S.
25 430, 432, 93 S.Ct. 2199, 37 L.Ed.2d 52  (per curiam) (revocation of
   probation); Schware v. Board of Bar Examiners (1957) 353 U.S. 232, 239, 77
26 S.Ct. 752, 1 L.Ed.2d 796  (denial of admission to bar); United States ex
   rel. Vajtauer v. Commissioner of Immigration (1927) 273 U.S. 103, 106, 47
27 S.Ct. 302, 71 L.Ed. 560 (deportation).
   [4] Indeed, Courts have criticized the lack of a nexus between facts found
28 and conclusions reached in many types of cases.  See among others, Walker

---

Caswell (2001) 92 Cal.App.4th 1017, 1029; In re Mark Smith (2003) 109 Cal.App.4th 489, 505; In re Singler (2008) 161 Cal.App.4th 281; see also In re Dannenberg (2007) 68 Cal.Rptr.3d 188, 195-196 ["Courts of Appeal have elaborated on the critical distinction between the **finding** that the commitment offense was 'especially heinous' and the **nexus** that links that **finding** to the [Board's] **conclusion** that the prisoner currently poses an unreasonable risk of danger to society if released."], emphasis in original.

Therefore, the sole question in determining parole suitability is whether the inmate currently presents an "unreasonable risk of danger to society if released" on parole. See Cal. Penal Code section 3041(b); Cal. Code Regs, tit. 15, section 2402(a)[5]; In re Scott (2005) 133 Cal.App.4th. 573, 595 [Scott II]. When reviewing the Board's parole denial, "[t]he test is not whether some evidence supports the **reasons** the [Board] cites for denying parole, but whether some evidence indicates a parolee's release **unreasonably endangers public safety.**" (In re Lee (2006) 49 Cal.Rptr.3d 931, 936, emphasis in original.) Some evidence of the existence of a particular unsuitability factor does not necessarily equate to some evidence that the inmate's release currently poses an unreasonable danger to public safety (Id. at p. 937.) Thus, "some evidence" which merely supports the **reasons** cited by the Board in denying parole, cannot be the

---

v. Sumner (9th Cir.1990) 917 F.2d 382; Santa Ana Food Market Inc. v. Alcoholic Bev. Control Bd. (1999) 76 Cal.App.4th 570, 574-576; Yu v. Alcoholic Bev. Etc. Appeals Bd. (1992) 3 Cal.App.4th 286, 297. Also see the appellate court decision in In re Dannenberg (2002) 102 Cal.App.4th 95, 113-114. This decision was overturned on other grounds, but it provides a relevant discussion on the need to have a link between facts being relied upon and conclusions being reached.
[5] All further references to section 3041 are to section 3041 of the California Penal Code, and all further references to section 2402 are to title 15 of the California Code of Regulations, section 2402.

1  basis for affirming the denial. (Id. at p. 936, emphasis in original.)
2  Instead, the reasons given by the Board must be viewed "within the context
3  of the other [suitability] factors" to determine whether the inmate is a
4  current and unreasonable risk to society. (Id. at p. 937, citing Scott II,
5  supra, 133 Cal.App.4th at pp. 594-595.) The Board "must remain focused not
6  on the circumstances that may be aggravating in the abstract, but rather,
7  on facts indicating that release currently poses 'an unreasonable risk of
8  danger to society.'" (In re Elkins (2006) 50 Cal.Rptr.3d 503, 521.)
9  Accordingly, "the overarching consideration in the suitability
10 determination is whether the inmate is currently a threat to public
11 safety." (In re Weider (2006) 52 Cal.Rptr.3d 147, 160-161.) Even for an
12 **especially heinous offense** the record must indicate that the prisoner poses
13 a **current**, unreasonable risk to society if paroled. (In re Dannenberg,
14 supra, 68 Cal.Rptr.3d at p. 195-196.)

15     In evaluating whether an inmate is a current threat to public safety
16 the court in Scott II, supra, 133 Cal.App.4th at p. 595, concluded that the
17 crime "can" justify a parole denial, but only where it rationally shows
18 current dangerousness, in light of the **reduced probative value that the**
19 **crime based evidence naturally has after the passage of time**; see also Lee,
20 supra, 49 Cal.Rptr.3d at p. 939 ["Lee's crimes have little, if any,
21 predictive value for future criminality. Lee's crimes almost 20 years ago
22 have lost much of their usefulness in foreseeing the likelihood of future
23 offenses than if he had committed them five or ten years ago."]; Elkins,
24 supra, 50 Cal.Rptr.3d at p. 520 ["Given the lapse of 26 years and the
25 exemplary rehabilitative gains made by Elkins over that time, [the
26 Governor's] continued reliance on these aggravating facts of the crime no
27 longer amount to 'some evidence' supporting denial of parole."];
28 Rosenkrantz VI, supra, 444 F.Supp.2d at pp. 1065, 1070, 1084 [the court

1   found due process violated when the Governor denied parole solely on the

2   gravity of the commitment offense, and held that the crime lacked

3   predictive value after twenty years]; <u>Martin v. Marshall</u> (N.D. Cal. 2006)

4   431 F.Supp.2d 1038, 1045-1048 [same].

5       Here, the Board cited circumstances that could be aggravating in the

6   abstract, without adequately considering whether those facts actually do

7   render Petitioner an unreasonable danger to society, **today**. However, when

8   honestly examining those circumstances in terms of current dangerousness,

9   it is apparent that no evidence exists to support the conclusion that

10  Petitioner is a current, unreasonable risk to society. The Board's

11  determination to the contrary lacks any evidentiary support and is,

12  therefore, arbitrary and capricious, resulting in a due process violation

13  of Petitioner's liberty interest in parole.

14      Recently, the Third Appellate District Court issued a decision in the

15  case of <u>In re Singler</u>, supra, 161 Cal.App.4th 281, in which the California

16  Supreme Court ordered the District Court to vacate its denial of Singler's

17  petition and, in light of <u>Lee</u>, <u>Elkins</u>, <u>Scott II</u> and <u>Rosenkrantz V</u>, issue an

18  order to show cause to the Board as to why it,

19              "'did not abuse its discretion and violate due process in
                finding [Singler] unsuitable for parole in June 2006, and
20              why [Singler] remains a danger to public safety.'
                [Citation] [¶] "the Supreme Court's order—signed by the
21              author of <u>In re Rosenkrantz</u>, <u>supra</u>, 29 Cal.4th 616 and
                five other members of the court (only Justice Baxter did
22              not endorse the order)—indicates to us the Supreme Court
                has endorsed subsequent Court of Appeal decision that give
23              courts greater leeway in reviewing the Board's
                determination that an inmate remains a danger to public
24              safety.
                "No longer giving the Board the deference to which we
25              thought it was entitled (<u>In re Rosenkrantz</u>, <u>supra</u>, 29
                Cal.4th at pp. 655, 665, 677, 679), we must now conclude
26              that its decision finding Singler unsuitable for parole is
                not supported by the evidence presented at the time of the
27              hearing."

28  (<u>In re Singler</u>, supra, 161 Cal.App.4th 281 at p. 287.)

*Petition For Writ of Habeas Corpus*                        *Lagadia v. Curry, et. al.*
                              Page 17

1    Petitioner's Psychological Evaluations appraise his violence

2  potential "as being average for the non-offender population and as being

3  **less** violent than the **average** parolee currently in the community."

4  Moreover, all the other evidence in the case indicates Petitioner has

5  rehabilitated himself, and poses no threat to the community whatsoever,

6  especially after nearly a two decades of imprisonment.  Petitioner has

7  participated in educational and vocational programming, including

8  Vocational Graphic Arts, Vocational Machine Shop, and  Coastline Community

9  College.  Petitioner has also participated in numerous self-help and

10 therapy programs, including Alcoholics Anonymous (AA).

11    While the commitment offense is extremely tragic, in order for the

12 Board to rely upon it as a reason for denying parole, it must be clear from

13 the facts that Petitioner's involvement in this crime is "**especially**

14 heinous, atrocious or cruel" in a way that sets it apart from the vast

15 majority of other first degree murders as among the gravest of those

16 offenses.  (§ 2402(c)(1), emphasis added; see Rosenkrantz V (2002) 29

17 Cal.4th at pp. 653-654; In re Ramirez (2001) 94 Cal.App.4th 549, 570;

18 Elkins, supra, 50 Cal.Rptr.3d at pp. 518-519.

19    Petitioner's involvement in this crime does not fall under any of the

20 factors provided for by section 2402, indicating that he is unsuitable for

21 parole.  Nowhere does the Board attempt to describe how the crime is

22 factually egregious under the regulatory factor that rationally shows that

23 Petitioner is currently an unreasonable risk of danger to society if

24 paroled.  Instead, he just states his "findings" in conclusory terms.  As

25 discussed in Scott II, supra, 133 Cal.App.4th at pp. 594-595, the evidence

26 must rationally show current dangerousness.

27    Petitioner is in no way attempting to mitigate the extremely serious

28 nature of his commitment offence, but his actions nearly two decades ago

*Petition For Writ of Habeas Corpus*                          *Lagadia v. Curry, et. al.*

1  lack probative value indicating that he is a current, unreasonable risk of

2  danger to society today.  The Board continued reliance on the commitment

3  offense violates due process without a link between the commitment offense

4  and a current danger to society today, and particularly in light of the

5  forensic evidence, and Petitioner's many years of positive, rehabilitative

6  behavior, the Boards decision is arbitrary and capricious.  How does the

7  fact pattern of Petitioner's offense indicate he is **currently** unsuitable

8  for parole.  Facts relating to this offense will never change.  Where is

9  the evidentiary nexus between a recitation of the facts of an offense and

10  Petitioner's current threat to the community.  (See <u>Scott II</u>, <u>supra</u>, 133

11  Cal.App.4th at p. 595 [stating that "the predictive value of the commitment

12  offense may be very questionable after a long period of time."]).

13       The reliability of the facts of his crime as a predictor for his

14  dangerousness is further diminished by Petitioner's age at the time of the

15  offense.  Petitioner turned eighteen on June 23, 1989, and committed his

16  offense five months later.  While Petitioner was not legally a minor, he

17  was very close to being one.[6]  As the Supreme Court recently recognized,

18  the evidentiary/predictive value of the conduct of such a young person is

19  diminished.

20           "The susceptibility of juveniles to immature and
            irresponsible behavior means 'their irresponsible conduct
21          is not as morally reprehensible as that of an adult.'
            <u>Thompson v. Oklahoma</u>, 487 U.S. 815, 835, 108 S.Ct. 2687,
22          101 L.Ed.2d 702 (1988) (plurality opinion).  Their own
            vulnerability and comparative lack of control over their
23

24  _____
    [6] Petitioner was an adolescent at the time he committed the offense.  See,
25  e.g., Cornelia Pechman, Linda Levine, Sandra Laughlin & Prances Leslie,
    <u>Impulsive and Self-Conscious Adolescents' Vulnerability to Advertising and</u>
26  <u>Promotion</u>, 24 J. Pub. Policy & Marketing 1 (Fall, 2005) [explaining that
    the conventional view is that "adolescence is roughly synonymous with
27  teenager, or ages 13-19," but that "many scholars argue that adolescence
    begins at approximately age 10 and does not end until early 20s"] (citation
28  omitted).

*Petition For Writ of Habeas Corpus*                           *Lagadia v. Curry, et. al.*
                              Page 19

immediate surroundings mean juveniles have a greater claim
than adults to be forgiven for failing to escape negative
influences in their whole environment.  See Stanford v.
Kentucky, 492 U.S. 361, 395, 109 S.Ct. 2969, 106 L.Ed.2d
306 (1989) (Brennan, J., dissenting).  The reality that
juveniles still struggle to define their identity means it
is less supportable to conclude that even a heinous crime
committed by a juvenile is evidence of irretrievably
depraved character.  From a moral standpoint it would be
misguided to equate the failings of a minor with those of
an adult, for a greater possibility exists that a minor's
character deficiencies will be reformed.  Indeed, '[t]he
relevance of youth as a mitigating factor derives from the
fact that the signature qualities of youth are transient;
as individuals mature, the impetuousness and recklessness
that may dominate in younger years can subside.'  Johnson
v. Texas, 509 U.S. 350, 368, 113 S.Ct. 2658, 125 L.Ed.2d
290 (1983).

Roper v. Simmons, 543 U.S. 551, 561-562, 125 S.Ct. 1183, 161 L.Ed.2d 1

(2005); Thompson v. Oklahoma, 487 U.S. 815, 835, 108 S.Ct. 2687, 101

L.Ed.2d 702 (1988) (Stevens, J.) (plurality opinion) ["[L]ess culpability

should attach to a crime committed by a juvenile than to a comparable crime

committed by an adult.  The basis of this conclusion is too obvious to

require extensive explanation.  Inexperience, less intelligence and less

education make a teenager less able to evaluate the consequences of his or

her conduct while at the same time he or she is more apt to be motivated by

mere emotion or peer pressure than as an adult."].[7]  (See Rosenkrantz v.

Marshall (C.D. Cal.2006) 444 F.supp.2d at p. 1085 [eighteen years old at

---

[7] See also Elizabeth Cauffman & Laurence Steinberg, Maturity of Judgment in
Adolescence: Why Adolescents May be Less Culpable than Adults, 18 Behav.
Sci. & L. 741, 742, 754 (2000) [reviewing literature demonstrating that a
violent act committed by an adolescent poses less risk of future danger
than does the commission of such and act by an adult.  This is because
adolescents are more prone to act impulsively than adults, and also because
the proclivity to commit violent acts decreases with age and the passage of
time.); Erica Beecher-Monas & Edgar Garcia-Rill, Danger at the Edge of
Chaos: Predicting Violent Behavior in a Post-Daubert World, 24 Cardozo
L.Rev. 1845, 1898 (2003) ["The decrease in violence and criminal activity
with age is a well-established principle of criminology."]; Robert J.
Sampson & John H. Laub, Understanding Desistance from Crime, 28 Crime and
Justice 1, 46-48 (2001) [reviewing literature reflecting the robust finding
that crime peaks in late adolescence and declines for most persons sharply
during developmental transitions to adulthood].

the time of the offense]; see also In re Barker (2007) 151 Cal.App.4th 346, 376-377) [sixteen years old at the time of the offense]; Elkins, supra, 50 Cal.Rptr.3d at pp. 521-522 [nineteen years old at the time of the offense].)

The Ninth Circuit held that, despite the fact that there may remain evidence to support a finding of egregiousness of the crime, once a prisoner served his minimum term (Irons v. Carey, supra, 505 F.3d at pp. 853-854), repeated denials based solely on the commitment offense, could lead to a due process violation.  (Id., at p. 854 ["indefinite detention based solely on an inmate's commitment offense, regardless of the extent of his rehabilitation, will at some point violate due process, given the liberty interest in parole that flows from the relevant California statutes."];[8] Petitioner is now seven years passed his minimum term, therefore, the Board's refusal to set a release date is a due process violation of Petitioner's liberty interest in parole.  (Id., at p. 854; see also Rosenkrantz VI, supra, 444 F.Supp.2d at pp. 1065, 1070, 1084; Martin

---

[8] The Board consistently ignores the rule stated in Biggs, supra, 334 F.3d at pp. 916-917, and restated recently in Irons v. Carey, supra, 505 F.3d at p. 854, (see also Scott II, supra 133 Cal.App.4th at pp. 594-595.) that repeated reliance on unchanging facts in the face of undisputed evidence of rehabilitation violates due process.  (See e.g., In re Ernest Smith (2003) 114 Cal.App.4th 343; [unchanging history of drug and spousal abuse not sufficient to deny parole, and while shooting victim three times in the head is "callous," it is not necessarily "particularly egregious" compared to similar life crimes]; In re Mark Smith, supra, 109 Cal.App.4th 489 [crime not egregious despite facts that victim was shot twice by inmate, before inmate ordered copartner to drown the victim]; Scott I, supra, 119 Cal.App.4th at pp. 890-892 [crime is not particularly egregious, despite facts of shooting victim in the presence of child]; and McQuillion, supra, 306 F.3d 896 [double murder, with father-son proprietors tied up and executed during culmination of spree of robberies, not sufficiently egregious to justify rescission]).  The holdings of these cases, compared with the factually unsupported "findings" of the Board in this case, clearly demonstrate their arbitrariness in denying Petitioner a parole date.

1    V. Marshall, supra, 431 F.Supp.2d at pp. 1045-1048; Lee, supra, 49

2    Cal.Rptr.3d 939; Elkins, supra, 50 Cal.Rptr.3d 520; Weider, supra, 52

3    Cal.Rptr.3d at pp. 160-161; Scott II, supra, 133 Cal.App.4th. at pp. 594-

4    595; Barker, supra, 151 Cal.App.4th 346).

5         Petitioner has now served over eighteen calendar years in

6    confinement.  His Minimum Eligible Parole Date (MEPD) was July 08, 2000.[9]

7    The 2007 hearing was Petitioner's fourth parole consideration hearing.  At

8    the hearing, the Board relied solely on the commitment offense and his

9    previous criminal record, both of which are unchanging factors, to deny

10   Petitioner parole.  All the factors favoring suitability, under section

11   2402(d)[10], apply to Petitioner, while none of the factors of unsuitability,

12   other than the commitment offense and his previous criminal record (§

13   2402(c)(1)(A)-(E) & (c)(2)) were used to deny him parole.  Petitioner's

14   case has now risen to the type of Due Process violation that the Courts

15   warned of in Biggs/Irons.

16        In Lee, the court concluded that, "Lee's crimes have little, if any,

17   predictive value for future criminality.  Lee's crimes almost 20 years ago

18   have lost much of their usefulness in foreseeing the likelihood of future

19   offenses than if he had committed them five or ten years ago.  [Citation]."

20   (Lee, supra, 49 Cal.Rptr.3d at p. 939, citing Scott II, supra, 133

21   Cal.App.4th 573, 595, 596; see Elkins, supra, 50 Cal.Rptr.3d at p. 520

22   ["Given the lapse of 26 years and the exemplary rehabilitative gains made

23   by Elkins over that time, [the Governor's] continued reliance on these

24

_____

25   [9] CDC reception was 03/06/91 with 340 days of pre-prison credits.
     Petitioner, at the time of the 2007 hearing, had 16 years in CDC, 340 days
26   in pre-prison credits, and is entitled to 64 months (16 x 4 months) of post
     commitment credits, for a total credit on the life term of approximately 22
27   years 4 months.
     [10] With the obvious exception of section 2402(d)(5) Battered Woman's
28   Syndrome.

1  aggravating facts of the crime no longer amount to 'some evidence'

2  supporting denial of parole."]; In re Dannenberg, supra, 68 Cal.Rptr.3d at

3  p. 198 ["While Dannenberg's commitment offense was grave, the record that

4  was before the Governor lacks any evidence that now, more than two decades

5  after is offense, the nature of Dannenberg's offense alone **continues** to

6  support a conclusion that he poses an unreasonable risk of danger to

7  society if released."], emphasis in original; Rosenkrantz VI, supra, 444

8  F.Supp.2d at pp. 1065, 1070, 1084 [the court found due process violated

9  when the Governor denied parole solely on the gravity of the commitment

10 offense, and held that the crime lacked predictive value after twenty

11 years]; Martin v. Marshall, supra, 431 F.Supp.2d 1038, 1045-1048 [same];

12 Sanchez, supra, 444 F.Supp.2d 1049 [Sanchez had his parole grant rescinded

13 by the Governor.  The court found that the "Governor's continued reliance

14 on the circumstances" of the crime violated due process.].)

## CONCLUSION

16     Petitioner's record in this case is replete with evidence of

17 Petitioner's rehabilitation, including positive psychological reports,

18 extensive self-improvement through completion of educational and vocational

19 programs, as well as therapy, and nearly two decades of violence-free

20 incarceration.  The evidence of Petitioner's performance while incarcerated

21 is particularly important. (Greenholtz, supra, 442 U.S. at p.15 [the

22 Supreme Court recognized that, "[t]he behavior of an inmate during

23 confinement is critical in the sense that it reflects the degree to which

24 the inmate is prepared to adjust to parole release."].)  Further, as

25 mentioned above, forensic experts who have evaluated Petitioner have

26 concluded that Petitioner would pose no significant risk of danger if

27 released.  All the circumstances tending to show suitability apply to

28 Petitioner (§ 2402(d)), while none of the circumstances tending to show

1  unsuitability, other then the commitment offense and his previous criminal

2  record (§ 2402(c)(1)(A)-(E) & (c)(2)) were used by the Board in order to

3  find him unsuitable.

4       The Board's determination of unsuitability resulted in an arbitrary

5  and capricious determination because Petitioner's involvement in the

6  commitment offense is not "especially heinous, atrocious or cruel" (§

7  2402(c)(1)), and even if it were to be seen as "especially heinous,

8  atrocious or cruel," it now lacks any predictive value for future

9  criminality.  Additionally, strong family support, positive forensic

10 evaluations, and Petitioner's young age at the time of the offense, also,

11 mitigates in favor of release.  There is no evidence indicating that

12 Petitioner is, currently, an unreasonable danger to society if release on

13 parole.

14      The Board's determination of unsuitability is arbitrary and

15 capricious, resulting in a decision that is contrary to, and involved an

16 unreasonable application of, clearly established Federal law, as determined

17 by the Supreme Court of the United States (Hill, supra, 472 U.S. 445, 457;

18 **and** resulted in a decision that was based on an unreasonable determination

19 of the facts in light of the evidence presented in the State court

20 proceeding."  28 U.S.C. § 2254(d).

21      For the foregoing reasons no legally tenable basis exists to deny

22 Petitioner parole; therefore, Petitioner, having made a prima facie case,

23 respectfully requests that this Court grant the Petition.

24 ////

25 ////

26 ////

27

28

**PRAYER**

Wherefore, Petitioner prays for, and respectfully requests that this Court:

1.    Issue a writ of habeas corpus or order to show cause to the Warden of the Correctional Training Facility in Soledad, the Director of the Department of Corrections, the Governor and the Board of Parole Hearings to inquire into the legality of Petitioner's incarceration;

2.    Order the immediate release of Petitioner, or alternatively, order the Board to set Petitioner's term in accordance with the requirements of California Penal Code section 3041(a);

3.    Discharge Petitioner free from both actual and constructive custody, or alternatively, apply any excess time in custody beyond the proper term for his offense against his maximum period of parole; and

4.    Grant such other and further relief as justice may require.


Dated: Aug. 22, 2008


                              Respectfully Submitted,


                              Joffrey Lagadia
                              PETITIONER
                              In Pro Per

## DECLARATION OF SERVICE BY MAIL

Case Name:        **Lagadia v. Curry, et. al.**

No.:

    I, **Joffrey Lagadia**, am a resident of the State of California, County of Monterey.  I am over the age of 18 years, and I am a party to the within action. I am a resident of the Correctional Training Facility, in the county of Monterey, State of California.  My prison address is Joffrey Lagadia, E85814 B320, P.O. Box 689, Soledad, CA 93960-0689.

    On ___*August  22*___, 20_*08*_, I served the following:

### Petition For Writ of Habeas Corpus,

on the parties listed below by placing a true copy thereof enclosed in a sealed envelope with first class postage fully prepaid in the United States Mail at the hands of prison staff utilizing the system designated for legal mail at the Correctional Training Facility, Soledad, California, as per the Mailbox Rule (FRAP 4(c)(1)), addressed as follows:

Clerk of the U.S. District Court        Office of the Attorney General
Northern District of California         P.O. Box 944255
450 Golden Gate Avenue                  Sacramento, CA 94244-2550
San Francisco, CA 94102                 **1 Copy of Petition**
**2 Copies of Petition sent**

    There is a regular service by the United States Postal Service between the place of mailing and the places so addressed.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed this ___*22*___ day of *Aug. 2008*, at Soledad, California.

/S/ _____*Joffrey Lagadia*_____
Declarant

Joffrey Lagadia  E-85814
P.O. Box 689,  B - 320L
Soledad, CA. 93760-0689

Clerk of the U.S. District
Northern District of Ca,
450 Golden Gate Ave.
San Francisco, CA. 941





**LEGAL MAIL**

**LEGAL MAIL**